McINNIS, Judge ad hoc.
This is a suit to recover damages for personal injury in the total sum of $4,730.-59, itemized as follows:
Loss of wages $ 187.50
Doctor and medical expenses 43.09
Loss of future wages 1000.00
Physical and mental pain and suffering 1500.00
Permanent, partial disability 2000.00
Plaintiff, a colored woman, alleges that on February 8, 1951, after leaving the office of Gulf Public Service Company on the west side of Third Street in Natchi-toches, Louisiana, she started walking north toward her home when she came to a wood footbridge constructed of two by twelve or similar boards, spanning a short concrete drainage ditch, apparently strong enough to support her weight, and using care and precaution, started to walk across, when the inside or west board broke and caused her to be thrown violently to the ground and up against the building adjacent to the walk, and that as a result thereof, she suffered the following injuries:
"1. The left hand was caught under the bridge and painfully and severely mashed *293 necessitating the removal of the finger nails from two fingers.
“2. A severe and painful cut on the right leg.
“3. Contusion of the left chest and breast and a severe -bruise and contusion of the left shoulder.
“4. Straining and tearing of the ligaments and muscles of the upper left portion of petitioner’s back.”
She alleges that her fall and resulting injuries were caused solely and proximately by the negligence of the City of Natchi-toches, its agents and employees, without limitation, but in the following particulars:
“1. By using material that was decayed and unsound for a footbridge.
“2. By failing to treat the wooden material to guard against further rot and decay.
“3. By failing to replace with sound material that portion of said bridge that had become rotten and hazardous.
“4. By creating a trap in the form of an unsafe bridge over which heavy foot traffic of the city passed each day.”
She alleges that she is uneducated and is qualified to do only hard work such as housework, working in a coffee plant and part time operation of a cafe, and that she was totally disabled for six weeks and suffered physical pain and mental anguish and is permanently, partially disabled to do the same or similar work.
Plaintiff’s petition named as defendants the City of Natchitoches and its liability insurer, American Indemnity Company. Exceptions of no cause or right of action were filed on behalf of both defendants. The exception was sustained as to the insurer and there was judgment dismissing plaintiff’s suit against this defendant from which no appeal has been taken. The exception on behalf of the City was overruled and no issue is here made with reference thereto. Thereafter the City filed answer denying the substantial allegations of the petition and further answering, contends that if there was any negligence on the part of the -City, the plaintiff was guilty of contributory negligence in the following particulars :
T. In not maintaining a careful lookout as to where she was going.
“2. In stepping on a board, which she says was obviously rotten.
“3. In walking along the street without observing where she was placing her feet.
“4. In walking on a bridge, that plaintiff alleges was obviously unsafe, when she could have walked around it just as easily.”
This contributory negligence is specially pleaded in -bar of plaintiff’s demand.
After trial on the merits, the lower court, in an oral opinion, rejected the demands of plaintiff, from which judgment she prosecutes this appeal.
The evidence clearly establishes the occurrence of the accident as alleged by plaintiff. The rotted -board was introduced in evidence and inspection of it clearly shows its defective condition.
The lower court did not give written reasons for the judgment, but counsel for defendant says in brief that the court held that since there was no reason for the City to believe the bridge was in defective condition, and since it had been inspected periodically and since no one had called attention to the defective condition, then the City was not responsible for plaintiff’s injuries.
The authorities cited by defendant-ap-pellee are not, in our opinion, applicable to the facts of the instant case.
A decision in this case might, we believe, be safely rested on the case of Kernstock v. City of New Orleans, La.App., 147 So. 371, and the authorities cited therein. See also Tharpe v. Sibley Lake Bisteneau & Southern Railway, La.App., 144 So. 274.
The only witness to testify for the City is Mr. C. S. Royston, superintendent of streets and parks. He says he had the bridge built about two years before the accident and that it was inspected from time to time and looking at the top side of it, there was no defect apparent, but it is admitted that the under side of the board that broke under plaintiff’s weight, was badly decayed. The bridge was not over five or six feet long and was not fastened to the sidewalk and it would have been an easy matter to turn it over and look at the under side of it, and if this had been done, *294 its decayed condition would have been discovered.
Inasmuch as the top side of the bridge appeared in safe condition, plaintiff cannot be held guilty of negligence as charged in the answer, because it is conceded that the bridge appeared to be safe. We are therefore of the opinion that the City is liable.
The question of an award presents more difficulty. We are certain that the demand is greatly inflated and that plaintiff has exaggerated her injuries as well as her earnings. Apparently, she has no residual disability as the result of her injuries and was not disabled more than six weeks following the accident. She earned $10 a week working part time at the coffee plant. She claims she earned $50 a month from her partnership with Thomas Nora in a small restaurant, but Nora says she only earned $25 a month from this partnership, which partnership has since been terminated.
In our opinion, an award of $Z50 to the plaintiff for all of her claims will do substantial justice 'between the parties.
It therefore follows that the judgment appealed from is reversed, and it is now ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Lou Ann Moses, and against the defendant, the City of Natchitoches, in the sum of $250 with 5% per annum interest from April 9, 1951, until paid; for the costs of the court reporter for taking and transcribing the testimony. Other costs to be paid by plaintiff.
KENNON, J., not participating.